UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FRANCINE GANNON,<br>    Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL INC.<br>    Defendant. | CIVIL ACTION NO.<br>05-10815 RWZ |

## MARRIOTT INTERNATIONAL INC.'S
## ANSWER AND JURY DEMAND

Marriott International, Inc. ("Marriott") responds to the plaintiff's first amended complaint as follows:

1. Marriott lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1.

2. Admitted.

3. Marriott lacks sufficient knowledge and information to admit or deny the allegations in paragraph 3.

4. Admitted.

5. Marriott admits that it operates and controls the Long Wharf Marriott Hotel. Marriott denies the remaining allegations in paragraph 5.

6. Marriott admits that certain duties arise as a matter of law, but denies that they are accurately stated in paragraph 6.

7-13. Denied.

14. Paragraph 14 states a conclusion of law to which no response is required. To the extent that a response is required, Marriott denies the allegations in paragraph 14.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims against Marriott upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint should be dismissed for lack of service and/or service of process.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiff's alleged injuries and damages were caused by acts or omissions of third persons over whom Marriott exercised no control and for whose conduct it bears no responsibility.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from recovery in whole or in part on any theory of negligence because her own conduct caused or contributed to cause the alleged injuries and damages.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's alleged injuries and damages were caused by the intervening and superseding actions of third persons.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from recovery because her conduct alone or in conjunction with the conduct of third parties was the sole proximate cause of her alleged injuries and damages.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff failed to take reasonable and appropriate action to mitigate the injuries and damages she allegedly sustained as a result of the alleged accident.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from recovery because Marriott had no notice of the condition the plaintiff alleges to have been defective.

## JURY DEMAND

Marriott demands a trial by jury on all issues.

Dated: April 27, 2005

MARRIOTT INTERNATIONAL, INC.
By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

/s/ Christopher A. Callanan
James M. Campbell, BBO # 541882
Christopher A. Callanan, BBO # 630649
Julie B. Goldman BBO# 648489
One Constitution Plaza
Boston, MA 02129
617-241-3000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record by mail on April 27, 2005.

Michael P. Robinson
The Law Offices of Stephen Robinson
155 South Main Street
Providence, RI 02903

/s/ Christopher A. Callanan
Christopher A. Callanan