CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION



ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

**CHRISTOPHER A. CALLANAN**
(617) 241-3057
ccallanan@campbell-trial-lawyers.com

May 12, 2005

Civil Clerk's Office
United States District Court
One Courthouse Way
Boston, MA 02210

RE: Francine Gannon v. Marriott International, Inc.
Civil Action No. 1:05cv-10640RWZ
10815

Dear Sir/Madam:

Enclosed please find a certified copy of the docket from the Suffolk Superior Court.

Thank you for your assistance. If you have any questions, please do not hesitate to call.

Very truly yours,

Christopher A. Callanan

CAC:aer
Encs.
cc: Michael P. Robinson, Esq.

CONNECTICUT • MAINE • MASSACHUSETTS • NEW HAMPSHIRE • NEW JERSEY • PENNSYLVANIA • RHODE ISLAND

Suffolk Superior Civil # 05-354

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCINE GANNON, )
    Plaintiff, )
)
v. ) CIVIL ACTION
)
MARRIOTT INTERNATIONAL INC. )
    Defendant. )
)

05 10815 RWZ

**NOTICE OF REMOVAL**

TO: THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

NOW COMES Marriot International, Inc., ("Marriott") and files this Notice of Removal of the above-captioned action from Suffolk Superior Court, Suffolk County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support of its Notice of Removal, Marriott states as follows:

1. This is a negligence action which alleges personal injuries resulting from a slip and fall on a dance floor at the Long Wharf Marriott Hotel in Boston, Massachusetts. The plaintiff alleges that, as a result of Marriott's, she tripped, fell and sustained "severe and debilitating injuries, great pain of body and mind and was forced to incur medical expenses." See Exhibit "A," Plaintiff's Complaint.

3. The plaintiff is a resident of Boston, Massachusetts.

4. Marriott International, Inc. is a Delaware Corporation with a principal place of business in Maryland.

5. Jurisdiction is founded on diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

6. The plaintiff claims that she sustained a right patella dislocation and that as of the time of filing the complaint, she had incurred $8,298.00 in medical bills. Therefore, Marriott believes that

the amount in controversy, given the plaintiff's alleged damages, can reasonably be expected to exceed $75,000.

7. This Notice of Removal is being filed within the time period required by 28 U.S.C. § 1446(b).

8. This Notice of Removal was served on counsel of record via regular mail on April 22, 2005

**Wherefore**, Marriott prays for removal of the above-captioned matter from Middlesex Superior Court, Middlesex County, to the United States District Court for the District of Massachusetts.

Dated: April 22, 2005

MARRIOTT INTERNATIONAL, INC.
By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

James M. Campbell, BBO # 541882
Christopher A. Callanan, BBO # 630649
Julie B. Goldman BBO# 648489
One Constitution Plaza
Boston, MA 02129
617-241-3000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record by mail on April 22, 2005.

      Michael P. Robinson
      The Law Offices of Stephen Robinson
      155 South Main Street
      Providence, RI 02903

_____
Christopher A. Callanan

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARMENT          SUFFOLK, ss.

|  |  |
|---|---|
| FRANCINE GANNON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARRIOTT INTERNATIONAL INC. )<br>    Defendant. )<br>) | CIVIL ACTION NO.<br>2005-354-E |

## NOTICE OF REMOVAL

TO:   Michael P. Robinson
      The Law Offices of Stephen M. Robinson
      155 South Main Street
      Providence, RI 02903

      Office of the Civil Clerk
      Suffolk Superior Court
      Three Pemberton Square
      Boston, MA 02108

Please take notice that the defendant, Marriott International, Inc., a non-Massachusetts corporation with its principal place of business in Maryland, has on the 22nd day of April, 2005, filed a Notice of Removal pursuant to 28 U.S.C. sec. 1441 et seq., containing a statement of facts which entitle it to remove the case to the United States District Court, District of Massachusetts.

The case is currently pending in the United States District Court, District of

Massachusetts at Boston with a Docket Number 05-10805 RWZ (a certified copy of which is attached hereto as Exhibit 1).

        MARRIOTT INTERNATIONAL, INC.

        By Its Attorneys,

        CAMPBELL CAMPBELL EDWARDS & CONROY
        PROFESSIONAL CORPORATION

        _____
        James M. Campbell, BBO # 541882
        Christopher A. Callanan, BBO # 630649
        One Constitution Plaza
        Boston, MA 02129
        617-241-3000

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record by mail on April 26, 2005.

        Michael P. Robinson
        The Law Offices of Stephen M. Robinson
        155 South Main Street
        Providence, RI  02903

        _____
        Christopher A. Callanan

2

MAS-20030912     Case 1:05-cv-10815-RWZ    Document 6    Filed 05/16/2005    Page 7 of 15     04/28/2005
guen                                                Commonwealth of Massachusetts                              02:41 PM
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

### SUCV2005-00354
### Gannon v Host Marriott Corp et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 01/31/2005 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 04/28/2005 | Session | E - Civil E, 3 Pemberton Square, Boston | | |
| Origin | 1 | Case Type | B20 - Personal Injury-Slip&Fall | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 05/01/2005 | Answer | 06/30/2005 | Rule12/19/20 | 06/30/2005 |
| Rule 15 | 06/30/2005 | Discovery | 11/27/2005 | Rule 56 | 12/27/2005 |
| Final PTC | 01/26/2006 | Disposition | 03/27/2006 | Jury Trial | Yes |

**PARTIES**

**Plaintiff**
Francine Gannon
Active 01/31/2005

**Private Counsel 649575**
Michael P. Robinson
155 South Main Street
Providence, RI 02903
Phone: 401-331-6565
Fax: 401-331-7373
Active 01/31/2005 Notify

**Defendant**
Host Marriott Corp
Served: 02/10/2005
Inactive 03/25/2005

**Defendant**
Marriott International Inc (As Amended)
Served: 04/04/2005
Served (answr pending) 04/20/2005

**Private Counsel 541882**
James M Campbell
Campbell Campbell Edwards & Conroy
1 Constitution Plaza
3rd Floor
Boston, MA 02129
Phone: 617-241-3000
Fax: 617-241-5115
Active 04/28/2005 Notify

**Private Counsel 630649**
Christopher A Callanan
Campbell Campbell Edwards & Conroy
1 Constitution Plaza
Boston, MA 02129
Phone: 617-241-3000
Fax: 617-241-5115
Active 04/28/2005 Notify

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket



### SUCV2005-00354
### Gannon v Host Marriott Corp et al

Private Counsel 648489
Julie B Goldman
Campbell Campbell Edwards & Conroy
1 Constitution Plaza
3rd floor
Boston, MA 02129
Phone: 617-241-3000
Fax: 617-241-5115
Active 04/28/2005 Notify

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 01/31/2005 | 1.0 | Complaint & Jury demand |
| 01/31/2005 | | Orgin 1, Type B20, Track F. |
| 01/31/2005 | 2.0 | Civil action cover sheet filed |
| 03/01/2005 | 3.0 | SERVICE RETURNED: Host Marriott Corp(Defendant) (In hand on 2/10/05) |
| 03/24/2005 | 4.0 | Amended complaint of Francine Gannon |
| 04/20/2005 | 5.0 | SERVICE RETURNED: Marriott International Inc (As Amended)(Defendant) (in hand on 4/4/05) |
| 04/28/2005 | | Cerified copy of petition for removal to U. S. Dist. Court of Deft. Marriott International, Inc. U. S. Dist.#(05-10815RWZ). |
| 04/28/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005               , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY                              SUPERIOR COURT

FRANCINE GANNON                      :
                                     :
VS.                                  :   C.A. No.  05-0354E
                                     :
HOST MARRIOTT CORPORATION            :

## COMPLAINT

Now comes the plaintiff, Francine Gannon, who hereby makes demand and complains as follows:

1. Plaintiff is a resident of Boston, Massachusetts;

2. Defendant is a Delaware Corporation authorized to conduct business in the Commonwealth of Massachusetts;

3. On or about July 20, 2002, plaintiff was attending a wedding at the Long Wharf Marriott Hotel in Boston, Massachusetts;

4. The Long Wharf Marriott Hotel is owned by defendant Host Marriott Corporation;

5. While at the wedding on July 20, 2002, the plaintiff was caused to fall on an improperly maintained floor;

6. The defendant had a duty to maintain the premises, including the floors, in a reasonably safe condition;

7. The defendant breached this duty by failing to properly maintain the floor at the hotel;

8. The defendant was negligent in failing to properly maintain the floor at the hotel;

9. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to fall, suffering severe and debilitating injuries, great pain of body and mind, and was forced to incur medical expenses;

10. The plaintiff was assisted by staff employees at the defendant hotel, who observed the defect in the floor;

11. Several hotel guests also observed the defect in the floor;

12. The defect and condition in the floor which caused the plaintiff's fall had existed for a sufficient length of time so that the defendant knew or should have known of the dangerous condition;

13. Although the defendant had notice of the unreasonably dangerous condition, it failed to either remedy the situation or to warn plaintiff of its existence;

14. Plaintiff alleges that the amount in controversy is sufficient to bring this matter within the jurisdiction of this Honorable Court.

**WHEREFORE,** plaintiff demands judgment against the defendant in a sum sufficient to compensate her for her losses.

Respectfully submitted,

Plaintiff,

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
ASSISTANT CLERK.

By her attorneys,

Michael P. Robinson, Esq.
BBO#649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street
Providence, RI 02903
(401) 331-6565
[fax] (401) 331-7888

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Dated: 1/24/05

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0354 E | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) Francine GAnnon | DEFENDANT(S) Host Marriott Corporation |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Michael P. Robinson   331-6565<br>The Law Offices Of Stephen Robinson<br>155 South Main Street Providence, RI<br>Board of Bar Overseers number: 649575 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B20/B04 | Slip & Fall Other Negligence | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $7990.98
2. Total Doctor expenses ............................................. $210.00
3. Total chiropractic expenses ....................................... $
4. Total physical therapy expenses .................................. $
5. Total other expenses (describe) .................................. $
   Subtotal $8,298.00
B. Documented lost wages and compensation to date .................. $
C. Documented property damages to date .............................. $
D. Reasonably anticipated future medical and hospital expenses ..... $
E. Reasonably anticipated lost wages ................................ $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Right Patella Dislocation: Exteme Pain & Suffering

$
TOTAL $8298.00

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 1/24/05

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

4

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY                    SUPERIOR COURT

FRANCINE GANNON           :
                          :
VS.                       :        C.A. No. 2005-354E
                          :
MARRIOTT INTERNATIONAL, INC.  :

### FIRST AMENDED COMPLAINT

Now comes the plaintiff, Francine Gannon, who hereby makes demand and complains as follows:

1. Plaintiff is a resident of Boston, Massachusetts;

2. Defendant is a Delaware Corporation authorized to conduct business in the Commonwealth of Massachusetts;

3. On or about July 20, 2002, plaintiff was attending a wedding at the Long Wharf Marriott Hotel in Boston, Massachusetts;

4. The Long Wharf Marriott Hotel is, on information and belief, owned, operated and controlled by defendant Marriott International, Inc.;

5. While at the wedding on July 20, 2002, the plaintiff was caused to fall on an improperly maintained floor;

6. The defendant had a duty to maintain the premises, including the floors, in a reasonably safe condition;

7. The defendant breached this duty by failing to properly maintain the floor at the hotel;

8. The defendant was negligent in failing to properly maintain the floor at the hotel;

9. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to fall, suffering severe and debilitating injuries, great pain of body and mind, and was forced to incur medical expenses;

10. The plaintiff was assisted by staff employees at the defendant hotel, who observed the defect in the floor;

11. Several hotel guests also observed the defect in the floor;

12. The defect and condition in the floor which caused the plaintiff's fall had existed for a sufficient length of time so that the defendant knew or should have known of the dangerous condition;

13. Although the defendant had notice of the unreasonably dangerous condition, it failed to either remedy the situation or to warn plaintiff of its existence;

14. Plaintiff alleges that the amount in controversy is sufficient to bring this matter within the jurisdiction of this Honorable Court.

**WHEREFORE,** plaintiff demands judgment against the defendant in a sum sufficient to compensate her for her losses.

Respectfully submitted,

Plaintiff,

By her attorneys,

Michael P. Robinson, Esq.
BBO#649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street
Providence, RI 02903
(401) 331-6565
[fax] (401) 331-7888

I HEREBY ATTEST AND CERTIFY ON MAY 2, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Dated:

## Commonwealth of Massachusetts

3

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 2005-354E

_____ Francine Gannon _____, Plaintiff(s)

v.

_____ Host Marriot Corporation _____, Defendant(s)

### SUMMONS

To the above-named Defendant: Host Marriot Corporation C/O The Prentice-Hall Corporation System, Inc. 84 State Street Boston, MA. 02109

You are hereby summoned and required to serve upon Michael P. Robinson 155 South Main Street, Suite 402, Providence, RI 02903 plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

**I HEREBY ATTEST AND CERTIFY ON**
MAY 2, 2005 **, THAT THE**
**FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.**

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 2005-354E

_____Francine Gannon_____, Plaintiff(s)

v.

_____Marriot International Inc._____, Defendant(s)

## SUMMONS

To the above-named Defendant: Marriot International Inc. C/O The Prentice-Hall Corporation System, Inc. 84 State Street Boston, MA 02109

You are hereby summoned and required to serve upon Michael P. Robinson 155 South Main Street, Suite 402, Providence, RI 02903 plaintiff's attorney, whose address is_____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the_____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT  (2) MOTOR VEHICLE TORT  (3) CONTRACT  (4) EQUITABLE RELIEF  (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:_____
ASSISTANT CLERK.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.