UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAY 16  P 2: 54

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| FRANCINE GANNON<br>Plaintiff | : <br> : <br> : |
| VS. | :    C.A. No. 05-10815-RWZ |
| MARRIOTT INTERNATIONAL, INC.<br>Defendant | : <br> : |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Now comes the plaintiff, Francine Gannon, and hereby submits the following memorandum of law in support of her motion to remand this matter back to the Suffolk County Superior Court. This action arises out of an incident that is alleged to have occurred on or about July 20, 2002, wherein the plaintiff stepped into a crack in a parquet dance floor at a wedding, and sustained injuries including a dislocated kneecap.

After unsuccessfully attempting to settle the matter, the plaintiff filed suit in the Suffolk County Superior Court on January 24, 2005. The plaintiff's complaint asserts damages in an amount "sufficient to bring this matter within the jurisdiction of this Honorable Court." There is no specific dollar figure demanded or requested in the plaintiff's complaint. ***See Superior Court complaint, attached hereto as Exhibit A.*** As part of her Superior Court filings, the plaintiff attached a civil action cover sheet, which disclosed that she had approximately $8,298.00 in medical expenses. ***See civil action cover sheet, attached hereto as Exhibit B.***

It should also be pointed out that on or about December 19, 2003, plaintiff forwarded a demand letter to the insurance adjuster involved in the case, wherein a demand for settlement was made in the amount of $60,000.00. ***See demand letter,***

1

*attached hereto as Exhibit C.* It is important to point out that the plaintiff was, and remains, willing to settle this matter in good faith for the sum of $60,000.00. No claim, demand or statement has ever been made by the plaintiff as part of this case for a sum in excess of the jurisdictional threshold necessary to support diversity of citizenship jurisdiction in this Honorable Court. Nevertheless, the defendant filed a Notice of Removal to this Court on April 22, 2005.

This court has noted that "[a] federal district court has jurisdiction over a case raising only state law claims if the plaintiffs and defendants are citizens of different states (or foreign countries) and if the 'matter in controversy' exceeds $75,000.00 in amount or value." Radlo v. Rhone-Poulenc, S.A., 241 F.Supp.2d 61 (U.S.D.C. Dist. MA 2002) (*quoting* 28 U.S.C. §1332(a)). The only conceivable basis for federal court jurisdiction in the instant case is diversity of citizenship. Plaintiff admits that there is diversity of citizenship as between herself and the defendant, which is apparently a Delaware Corporation with a principal place of business in Maryland. Plaintiff vigorously disputes, however, that her claim is reasonably expected to exceed $75,000.00.

The burden of establishing that the diversity of citizenship requirements (including amount in controversy) are satisfied, clearly falls to the defendant. *See* Kivikovski v. Smart Professional Photocopying Corporation, 2001 WL 274763 (D.N.H. 2001) (*citing* Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 328 (1st Cir. 2000) (holding that the party asserting diversity jurisdiction bears the burden of demonstrating that the amount in controversy requirement is satisfied.)). There is a dispute in circuits as to what burden of proof is required in order to demonstrate that the amount in controversy requirement has been met. In Radlo, this Court stated that:

> In the more common case, when the defendant has moved to dismiss the plaintiff's original federal complaint because claims do not meet the amount-in-controversy requirement, the defendant has the burden of showing that there is 'legal certainty' that the plaintiff will not recover damages above the jurisdictional threshold. . . *The same standard could also be applied to require a removing defendant to show that there is a legal certainty that the plaintiff's damages, if the claims succeed fully, would rise above the threshold. In addition to being consistent with the rule applicable to original complaints, applying the 'legal certainty' standard in removal cases would also be consistent with other principles generally invoked with respect to jurisdictional issues: (1) the plaintiff is the 'master of his complaint,' . . . (2) the borders of federal jurisdiction are to be watchfully policed . . . and (3) bearing in mind that the removal statutes are to be strictly construed . .*

Id. (citations omitted) (emphasis added). There is, however, apparently no agreement of the courts of the First Circuit as to whether or not this rule should be uniformly applied in the removal context.

In Kivikovski, *supra*, the District Court for the District of New Hampshire applied a somewhat different analysis. The Court stated that:

> The First Circuit has not addressed the issue of what standard of proof should be used to determine whether a defendant has met the amount in controversy requirement where, as here, the plaintiff has not put a specific dollar value on the relief sought. . . . I accept, for purposes of discussion, that the preponderance of the evidence standard applies in this case. . . Accordingly, *[defendant] can meet its burden if it can set forth facts sufficient to establish that the value of the . . . claims, if successful, will more likely than not exceed $75,000.00.*

Id. (citations omitted) (emphasis added). Accordingly, it is not clear whether or not the standard in this jurisdiction requires the defendant to demonstrate to 'legal certainty' or

merely to a 'preponderance of the evidence,' that the plaintiff will be entitled to at least $75,000.00 if successful at trial.

Under either standard, however, the plaintiff's claim in the instant case cannot confer diversity jurisdiction on this Court. The plaintiff did not request any particular dollar figure in her Complaint, but did list her medical expenses at slightly over $8,000.00, which is substantially less than the jurisdictional threshold even when one considers a reasonable award for pain and suffering. The plaintiff herself has made a good faith demand for settlement in the amount of $60,000.00, again substantially less than the jurisdictional threshold. Given these factors, it is difficult to imagine what possible basis the defendants could have for believing that the amount in controversy in this case exceeds $75,000.00. Given the disparity between the facts of this case and the defendant's assertions, the implication is certainly raised that this matter was removed for an improper purpose, or in an impermissible attempt to forum-shop.

**WHEREFORE**, plaintiff respectfully requests that this matter be remanded forthwith to the Suffolk County Superior Court for adjudication on the merits.

Respectfully Submitted,

Plaintiff,

By her attorneys,

_____
Michael P. Robinson BBO#649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street
Providence, RI 02903

4

TO:  James M. Campbell, Esq.
 Christopher A. Callanan, Esq.
 Julie B. Goldman, Esq.
 One Constitution Plaza
 Boston, MA 02129

## CERTIFICATION

I hereby certify that on this 13 day of May, 2005, I mailed a true and accurate copy of the within motion to the above-named attorneys of record.

*Michelle Brogan*

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY                                    SUPERIOR COURT

FRANCINE GANNON                  :
                                 :
VS.                              :      C.A. No. 2005-354E
                                 :
MARRIOTT INTERNATIONAL, INC.     :

### FIRST AMENDED COMPLAINT

Now comes the plaintiff, Francine Gannon, who hereby makes demand and complains as follows:

1  Plaintiff is a resident of Boston, Massachusetts;

2  Defendant is a Delaware Corporation authorized to conduct business in the Commonwealth of Massachusetts,

3  On or about July 20, 2002, plaintiff was attending a wedding at the Long Wharf Marriott Hotel in Boston, Massachusetts;

4  The Long Wharf Marriott Hotel is, on information and belief, owned, operated and controlled by defendant Marriott International, Inc ,

5  While at the wedding on July 20, 2002, the plaintiff was caused to fall on an improperly maintained floor,

6  The defendant had a duty to maintain the premises, including the floors, in a reasonably safe condition,

7  The defendant breached this duty by failing to properly maintain the floor at the hotel,

8  The defendant was negligent in failing to properly maintain the floor at the hotel;

9. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to fall, suffering severe and debilitating injuries, great pain of body and mind, and was forced to incur medical expenses,

10  The plaintiff was assisted by staff employees at the defendant hotel, who observed the defect in the floor,

11. Several hotel guests also observed the defect in the floor,

12    The defect and condition in the floor which caused the plaintiff's fall had existed for a sufficient length of time so that the defendant knew or should have known of the dangerous condition,

13    Although the defendant had notice of the unreasonably dangerous condition, it failed to either remedy the situation or to warn plaintiff of its existence,

14    Plaintiff alleges that the amount in controversy is sufficient to bring this matter within the jurisdiction of this Honorable Court

**WHEREFORE**, plaintiff demands judgment against the defendant in a sum sufficient to compensate her for her losses

Respectfully submitted,

Plaintiff,

By her attorneys,

Michael P Robinson, Esq
BBO#649575
THE LAW OFFICES OF
STEPHEN M. ROBINSON
155 South Main Street
Providence, RI 02903
(401) 331-6565
[fax] (401) 331-7888

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Dated.

01-27-'05 14:41 FROM- T-420 P03/05 U-462

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Francine GAnnon | | DEFENDANT(S) Host Marriott Corporation |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael P. Robinson  331-6565 The Law Offices Of Stephen Robinson 155 South Main Street Providence, RI Board of Bar Overseers number: 649575 | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B20/B04 | Slip& Fall Other Negligence | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $ 7990.98
2. Total Doctor expenses .................................................. $ 210.00
3. Total chiropractic expenses ........................................... $
4. Total physical therapy expenses ..................................... $
5. Total other expenses (describe) ..................................... $
    Subtotal $ 8298.00
B. Documented lost wages and compensation to date ................. $
C. Documented property damages to date ............................... $
D. Reasonably anticipated future medical and hospital expenses .... $
E. Reasonably anticipated lost wages .................................... $
F. Other documented items of damages (describe)
    $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
    Right Patella Dislocation: Exteme Pain & Suffering
    $
    TOTAL $8298.00

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record    DATE: 1/24/05

# The Law Offices of Stephen M. Robinson

155 South Main Street, Suite 402
Providence, Rhode Island 02903-7115
(401) 331-6565
Fax (401) 331-7888
E-Mail attorney@smrobinsonlaw.com

Stephen M. Robinson
Michael P. Robinson*
Vicki J. Bejma
Mary Ann F. Carroll
*Also Massachusetts Bar

December 19, 2003

Robert P. O'Brien
Claims Administrator II
Marriott Claims Services
301 Edgewater Drive, Suite 414
Wakefield, MA 01880

RE:   Francine Gannon
      Date of Injury: July 20, 2002
      Your File No.: 018262

Dear Mr. O'Brien:

As you know, I represent Ms. Francine Gannon with respect to injuries she sustained on July 20, 2002 while dancing in a wedding at the Boston Marriott hotel. At that time, a crack in the parquet floor caused Ms. Gannon to wrench her kneecap, and fall to the ground. Ms. Gannon was transported home, where she spent the night in excruciating pain.

The following day, Ms. Gannon treated at Massachusetts General Hospital, where she was diagnosed with a Right Patella dislocation. X-rays were taken, and Ms. Gannon was given medication for her pain. She was also told to rest her knee to the extent possible. Ms. Gannon was given crutches, and was told to wear an immobilizer brace for her knee. Approximately two weeks later, while still in agonizing pain from her knee and still utilizing crutches, Ms. Gannon tried to reach an object off of a shelf at work, straining her back. She would not have suffered this additional injury if not for the debilitating pain in her knee and the need to use crutches. *Medical records relating to her treatment at Massachusetts General Hospital are attached hereto as Exhibit A.* Ms. Gannon incurred medical bills of $5,435.00 at Massachusetts General Hospital.

Beginning in August of 2002, Ms. Gannon followed up for continuing pain in her knee at Brigham & Women's Hospital, with her primary physician, Dr. Phyllis Jen. Dr. Jen had additional x-rays taken, and referred Ms. Gannon for an orthopedic consultation with Dr. Dennis Burke. *Ms. Gannon's medical records for treatment with Dr. Jen at Brigham & Women's Hospital are attached hereto as Exhibit B.* Ms. Gannon incurred charges of $2,555.98 at Brigham & Women's Hospital.

Ms. Gannon saw Dr. Burke on April 29, 2003 and on May 13, 2003. Dr. Burke requested an MRI, which was done on May 9, 2003. The MRI revealed some lateral cartilage tears of the knee. Dr. Burke suggested that Ms. Gannon suffered from petellofemoral arthritis in her right knee. *Dr. Burke's medical records are attached hereto as Exhibit C.* Ms. Gannon incurred charges of $210.00 with Dr. Burke.

Ms. Gannon has experienced a great deal of discomfort and inconvenience as a result of this accident. She is no longer comfortable dancing, riding her bicycle, walking, or wearing even modest heels. Although she may not have fractured a bone, she endured one of the most painful injuries once can have, i.e., a dislocated kneecap. As a result of this trauma, she is understandably very reluctant to try any activity that might threaten another dislocation.

In this case, the cause of her trauma is very clear. The wooden floor on which Ms. Gannon was dancing on July 20, 2002, was improperly installed. The floorboards were not flush, creating a space of approximately one inch, which caught Ms. Gannon's heel and caused her to wrench and dislocate her kneecap. The dance floor was an instrumentality solely within the care and control of the Boston Marriott. The Marriott company had an obligation to exercise reasonable care for the safety of its patrons and guests, who could reasonably be expected to be present on the property. It was clearly to be expected that certain female guests might be wearing heels of varying hights at a wedding, and that they would be dancing on the floor. Through the negligence of the Marriott, my client suffered a severe and crippling injury. She continues to suffer pain in her right knee to this day, and remains insecure and afraid of re-injuring the knee in the same manner as she did on July 20, 2002.

I have interviewed at least two witnesses who observed this incident, and who will corroborate the fact that Ms. Gannon was caused to fall by a significant crack in the dance floor. These witnesses also observed, and will be able to testify to, the extreme pain that Ms. Gannon was in following this most traumatic injury. I will be happy to provide the contact information for these witnesses if your company will agree that either I, or someone from my office, may be present during any interview with said witnesses. I look forward to hearing from you in this regard.

Ms. Gannon incurred the following out of pocket expenses as a result of this injury:

| | | |
|---|---|---|
| 1. | Massachusetts General Hospital: | $5,435.00 |
| 2. | Brigham & Women's Hospital: | $2,555.98 |
| 3. | Dr. Dennis Burke: | $210.00 |
| | Total: | $8200.98 |

Based upon Ms. Gannon's out of pocket costs, and including a reasonable sum for her pain and suffering, I am hereby demanding the sum of $60,000.00 to settle this claim on her behalf. Please contact me upon receipt of this correspondence to advise as to the possibility of settlement. I appreciate your attention to this matter. Kindest regards.

Very truly yours,

Michael P. Robinson

CC: Francine Gannon